IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| DAWN LENGRAND,<br>For herself and on behalf of all similarly situated individuals,<br><br>      Plaintiff,<br><br>v.<br><br>WELLPOINT, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:11cv333 (HEH) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
<u>MOTION TO STRIKE PROPOSED CLASS DEFINITION</u>**

Pursuant to Federal Rules of Civil Procedure 12(f), Defendant WellPoint, Inc. ("Defendant" or "WellPoint"), by and through its counsel, Seyfarth Shaw LLP, submits this Memorandum in Points and Authorities in Support of Defendant's Motion to Strike Proposed Class Definition.

**INTRODUCTION**

Plaintiff Dawn Lengrand purports to bring a class action under the Fair Credit Reporting Act ("FCRA") on behalf of herself and other similarly situated job candidates (both external applicants for WellPoint positions, and existing WellPoint employees seeking new positions). Specifically, Lengrand alleges that WellPoint failed to comply with the FCRA by failing to give her advance notice that it was not hiring her, by failing to provide her with a copy of the consumer report, and supposedly failing to provide her a summary of her FCRA rights. Lengrand alleges that this is a standard practice at WellPoint, and seeks to represent a class of candidates unlawfully injured by WellPoint under the FCRA. But as discussed below, to define a class by the very injury that is sought to be redressed is an inappropriate "fail-safe" class, as

13507422v.2

that concept has been defined by abundant authority around the country. Thus, Plaintiff's proposed class definition and those paragraphs in Plaintiff's Complaint relating to the same should be stricken.

## STATEMENT OF FACTS[1]

Plaintiff Dawn Lengrand ("Plaintiff" or "Lengrand") alleges that she applied for a nursing position with WellPoint in 2009. Compl. ¶ 18 [Docket #1] . Plaintiff alleges that a WellPoint management employee telephoned her and left a voicemail on October 29, 2009, stating that WellPoint had rescinded its job offer to Plaintiff based on the results of a background check. Compl. ¶ 23. Plaintiff claims that WellPoint failed to provide her with advance notice that it was going to take an adverse action, and failed to provide her with a copy of the background check or written summary of rights under the FCRA before or at the time it informed her that the offer of employment was withdrawn based on the report results. Compl. ¶ 24, 28, 29. Plaintiff further claims that WellPoint did not provide her with any notices required by § 1681b of the FCRA. Compl. ¶ 25. Plaintiff alleges that it is a standard hiring practice to rely on consumer reports and to fire or refuse to hire individuals without statutory disclosure or written authorization, without giving advance notice of the adverse decision, without providing them with a copy of the consumer report, without providing a summary of rights under the FCRA, and without providing any oral or electronic notices required by the FCRA. Compl. ¶ 30. Plaintiff seeks to bring her action against WellPoint as a class action under Federal Rule of Civil Procedure 23.

---

[1] For purposes of this Rule 12 motion only, WellPoint assumes, as it must, the truth of the allegations made in the Complaint. WellPoint in no way admits the Complaint's allegations.

2

## ARGUMENT

Plaintiff purports to bring claims under the FCRA on behalf of herself and a proposed class defined as:

> All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant on its behalf or on behalf of any of its subsidiaries to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. § 1681p, next preceding the filing of this action and during its pendency, ***against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing the consumer a copy of the report***.

Compl. ¶ 36 (emphasis added).

As such, to determine if an individual fits the class definition, one would have to start from the premise that WellPoint violated the FCRA with respect to that person. For each putative class member, the parties must determine 1) whether that candidate suffered and adverse employment action; 2) whether that action predated providing a candidate a copy of any consumer report generated as part of the candidacy process; and -- critically --- 3) whether the adverse the adverse action was taken in whole or in part *because of* a purportedly unlawfully undisclosed report. In other words, every candidate who fits Plaintiff's class definition must arguably have already established a FCRA violation.

This definition is an improper "fail safe" definition because membership in the class requires a threshold legal inquiry necessarily based upon a determination of liability. *See Adashunas, et al. v. Harold H. Negley, et al.,* 626 F.2d 600, 604 (7th Cir. 1980) (the plaintiff class could not be maintained because the class definition was fail safe); *Slapikas, et al. v. First American Title Ins. Co.,* No. 06-00084, 2008 U.S. Dist. LEXIS 25254, at *62 (W.D. Pa. March 24, 2008) (holding that the class definition was defective because it was a "fail safe" class that "impermissibly determines membership based upon determination of liability."); *Genenbacher v.*

3

*CenturyTelFiber Co. II*, 244 F.R.D. 485, 488 (C.D. Ill. 2007) ("This type of definition is called a 'fail safe' class because the class definition precludes the possibility of adverse judgment against class members; the class members either win or are not in the class . . . the proposed class definition, thus, is improper because the Court cannot enter an adverse judgment against the class.").

The rationale behind prohibiting fail safe classes goes directly to the underpinnings of the reasoning for a Rule 23 class action in the first instance. "Where a threshold inquiry is necessary to determine class membership, the benefits to proceeding as a class action are eviscerated." *Mike v. Safeco Ins. Co.*, 223 F.R.D. 50, 54 (D. Conn. 2004); *see also In Re GMC, "Piston Slap" Prods. Liab. Litig.*, No. MDL 04-1600, 2006 U.S. Dist. LEXIS 26603, at *22 (W.D. Okla. Apr. 19, 2006) (denying class certification where class membership may only be determined by "individualized factual determinations [which] would, of necessity, be in the nature of mini-trials"); *Petty v. Wal-Mart Stores, Inc.*, 148 Ohio App. 3d 348, 353, 773 N.E.2d 576, 579 (Ohio Ct. App. 2002) (affirming denial of class certification for off-the-clock work claim where the time cards did not provide a reason for a missed meal period and therefore would not assist the court in determining which employees were harmed).

Plaintiff's proposed definition necessarily will require a threshold inquiry of whether WellPoint provided potential class members a copy of the consumer report and Summary of Rights before taking an adverse action, and also whether the adverse action was caused by something included in that report -- a question of motive. Thus, membership in the proposed class will require a highly individualized inquiry and a determination of an FCRA violation from the outset, requiring as many mini-trials as there are individuals in the purported class. This would be directly at odds with the purpose of a Rule 23 class action, and prohibited by its

interpreting case law. Since the Plaintiff's proposed definition makes it so that the benefits of a class actions are not present in this case, proceeding as a class action is inappropriate and the class definition should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiff's proposed class definition is an improper fail safe definition and must be stricken, along with those paragraphs in Plaintiff's Complaint relating to the same.

Date: July 5, 2011

Respectfully submitted,

WELLPOINT, INC.

By: __/s/_____
    Taron K. Murakami (VSB # 71307)
    Christopher James DeGroff*
    Pamela Q. Devata*
    SEYFARTH SHAW LLP
    975 F Street, N.W.
    Washington, DC 20004
    (202) 463-2400
    (202) 828-5393 (facsimile)
    tmurakami@seyfarth.com
    cdegroff@seyfarth.com
    pdevata@seyfarth.com
    *Attorneys for Defendant WellPoint, Inc.*

    * To be admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2011, a true and correct copy of the foregoing Memorandum of Points and Authorities in Support of Defendant's Motion to Strike Proposed Class Definition, was filed via CM/ECF, with electronic notification to :

>Dale Pittman
>The Law Office of Dale W. Pittman, P.C.
>112-A W. Tabb Street
>Petersburg, VA  23803-3212
>dale@pittmanlawoffice.com
>
>Leonard A. Bennett
>Consumer Litigation Associates, P.C.
>12515 Warwick Boulevard, Suite 100
>Newport News, Virginia  23606
>lenbennett@clalegal.com
>
>*Counsel for Plaintiff*

>_____/s/_____
>Taron K. Murakami
>VSB #71307
>SEYFARTH SHAW LLP
>975 F Street, N.W.
>Washington, DC 20004
>(202) 463-2400
>(202) 828-5393 (facsimile)
>tmurakami@seyfarth.com
>*Attorneys for Defendant WellPoint, Inc.*

13507422v.2