UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**DAWN LENGRAND,**
**For herself and on behalf of all**
**similarly situated individuals.**

        **Plaintiff,**

v.                              CIVIL ACTION NO.: 3:11-cv-333-HEH

**WELLPOINT, INC.,**

        **Defendant.**

## AMENDED CLASS COMPLAINT

COMES NOW, the Plaintiff, Dawn Lengrand, on behalf of herself and all

similarly situated individuals and alleges the following claims:

## INTRODUCTION

1.  This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15

U.S.C. §1681, et seq. The FCRA imposes on employers that use a background check or

other consumer report regarding an employee or job applicant several important

procedural requirements designed to protect consumers like Plaintiff.  Plaintiff applied

for a job at Defendant and Defendant used her consumer report that it obtained from a

consumer reporting agency to rescind its offer to hire Plaintiff.  In doing so, Defendant

failed to comply with the procedural protections and requirements imposed on it by the

FCRA.

## JURISDICTION/VENUE

2.   The Court has jurisdiction under the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1331.   Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division and this is where the Plaintiff resides.

3.   Defendant Wellpoint, Inc. also maintains the office of its registered agent for service of process in Glen Allen, Virginia, which office is located in this district and division.

4.   Defendant has contracted to supply services or things in the Commonwealth of Virginia.

5.   Defendant regularly does or solicits business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

6.   Plaintiffs intend to serve Defendant Wellpoint, Inc. through the Secretary of the Commonwealth.

7.   Dawn Lengrand (hereinafter "Lengrand") is a citizen of Ruther Glen, Virginia.

8.   Plaintiff maintains all of the documents relevant to this dispute at her home in Ruther Glen, Virginia.

9.   Defendant mailed its offer letter to Lengrand at her home in Ruther Glen, Virginia.

## PARTIES

10.  Lengrand is a "consumer" as protected and governed by the FCRA.

11.  Wellpoint, Inc.  (hereinafter "Wellpoint") is an Indiana corporation doing business throughout the United States, including Virginia.

12.  At all times relevant hereto, Wellpoint was a "user" of the consumer report of Plaintiff and all putative class members, as governed by the FCRA.

13.  HireRight, Inc. ("HireRight") supplied a consumer report for the class representative to Defendant.

14.  During the FCRA statute of limitations period, HireRight was a "consumer reporting agency" as governed by the FCRA.

15.  During the FCRA statute of limitations period, HireRight was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

16.  Upon information and belief, Defendant also obtained consumer reports from additional consumer reporting agencies during the FCRA statute of limitations period, and those employees and prospective employees who suffered an adverse employment decision are included in the prospective class.

17.  Upon information and belief, any additional consumer reporting agencies that supplied consumer reports to Defendant were regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

## FACTS

18.  In late 2009, Plaintiff applied for a nursing position with Wellpoint.

19.  On or about October 8, 2009, Wellpoint made and Plaintiff accepted an employment offer contingent upon a successful background check.

20.  Between the date of Plaintiff's application and October 29, 2009, Defendant obtained and used a HireRight consumer report to make its employment decision.

21.  The HireRight report used by Defendant was based in part on personal interviews with the Plaintiff's former employer and other third parties.

22.  HireRight's information completed after these personal interviews was not accurate.

23.  On or about October 29, 2009, Defendant's management employee telephoned Plaintiff and left a voicemail stating that Wellpoint had rescinded its job offer to Plaintiff based on the results of the background check.

24.  Defendant failed to provide Lengrand with a copy of the consumer report or written summary of her rights under the FCRA before or even at the time they informed her that they had withdrawn their offer of employment based in whole or in part on the report results.

25.  Defendant also failed to provide Lengrand with any of the notices required by §1681b of the FCRA.

26.  Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –

(i) a copy of the report; and

(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

27.   The purpose of §1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to review the consumer report, correct any inaccuracies and to notify the prospective employer of these inaccuracies before an adverse action is taken.

28.   Defendant failed to provide a copy of the consumer report in a sufficient amount of time before it took the adverse action to allow Plaintiff to discuss the report with Defendant or otherwise respond before the adverse action was taken.

29.   Defendant failed to hire/fired Plaintiff without providing her with any advance notice that it was going to take that adverse action, without providing her with a copy of the consumer report, and without providing her with a summary of their rights under the FCRA.

30.   Upon information and belief, it is Defendant's standard hiring practice to rely on consumer reports, and when the results are unsatisfactory, to fire or refuse to hire/fire people on the spot without the statutory disclosure or written authorization, without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report, without providing them with a summary of their rights under the FCRA before taking the adverse action, and without providing most of the oral, written or electronic notices required by the FCRA.

31.  Defendant Acted Willfully.   Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

32.  Defendant obtained or had available substantial written materials which apprised it of its duties under the FCRA.

33.  Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

34.  As a result of these FCRA violations, Defendant is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys fees and costs pursuant to §1681n and §1681o.

35.  Plaintiff and FCRA Class Members are entitled to equitable relief against Defendant requiring its compliance with the FCRA in all future instances and/or re-employment of Plaintiff, and enjoining their future violations of the FCRA.

## CLASS ACTION ALLEGATIONS

36.  The "Class". Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a.) who applied for an employment position with Defendant or any of its subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendant, (c.) where that consumer report contained a

criminal public record or credit item that would disqualify the person from such position under Defendant's written hiring policies, (d.) which consumer was not then approved or hired for the position, (e.) and to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

37.   Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the

Plaintiff alleges that the Class members are so numerous that joinder of all is impractical.

The names and addresses of the Class members are identifiable through documents

maintained by the Defendants, and the Class members may be notified of the pendency of

this action by published and/or mailed notice.

38.   Existence and Predominance of Common Questions of Law and Fact. Fed. R.

Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class.

These questions predominate over the questions affecting only individual members.

These common legal and factual questions include, among other things:

a. Whether Defendant provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

b. Whether Defendant provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b(b)(3)(A)(ii));

c. Whether Defendant reckless, knowingly or intentionally acted in conscious disregard of the rights of the consumer;

39.   Typicality. Fed. R. Civ. P. 23(a)(3)). Plaintiff's claims are typical of the

claims of each Class member.  Plaintiff would only seek individual or actual damages if

class certification is denied. In addition, Plaintiff is entitled to relief under the same

causes of action and upon the same facts as the other members of the Class.

40.   Adequacy. Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Fed. R. Civ. P. 23(a)(4). Plaintiff and her Counsel will fairly and adequately protect the interests of members of the Class.

41.   Superiority. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

**COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)**

42.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

43.   Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), as to the Class, because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report.

44.   Plaintiff seeks statutory damages for herself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

45.   Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

46.   In the alternative to the Plaintiff's allegations that these violations were willful, she alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT TWO: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)

47.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

48.   Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), as to the Class, because it failed to provide Plaintiff and all other similarly situated applicants and employees the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

49.   Plaintiff seeks statutory damages for herself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

50. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

51. In the alternative to the Plaintiff's allegations that these violations were willful, she alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. an order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiffs and their undersigned counsel of record to represent same;

2. the creation of a common fund available to provide notice of and remedy Defendants' FCRA violations;

3. statutory and punitive damages;

4. injunctive relief as pled;

5. attorneys fees, expenses and costs;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

DAWN LENGRAND,
For herself and on behalf of all
similarly situated individuals.


By: _____/s/_____

    Leonard A. Bennett
    Counsel for Plaintiff

Leonard A. Bennett
VSB #37523
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

Dale Pittman
VSB #15673
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212
(804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July 2011, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will then send a

notification of such filing (NEF) to all counsel of record.

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net