**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

DAWN LENGRAND,
*For herself and on behalf of all similarly situated*
*individuals*,

      Plaintiffs,

    v.

WELLPOINT, INC.,

      Defendant.

Civil Action No. 3:11-cv-00333-HEH-DWD

## PLAINTIFFS' FED. R. CIV. P. 26(a)(1) DISCLOSURES

COMES NOW the Plaintiffs, by counsel, and pursuant to Fed. R. Civ. P. 26(a)(1), and make the following disclosures to Defendant.  These initial disclosures are based on information reasonably available to Plaintiffs at this time.  Plaintiffs reserve the right to supplement these initial disclosures (either through express supplements to these disclosures or through responses to formal discovery) when additional information becomes available.

In making these initial disclosures, Plaintiffs do not waive the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground to the use of any such information, for any purpose, in whole or in part, and this action or any other action.  Plaintiffs also do not waive the right to object to any request for production of any document, electronically stored information, or tangible thing on the basis of any privilege, the work product doctrine, evidentiary exclusion, relevancy, undue burden or any other proper ground.

1

**I. Individuals likely to have discoverable information.**

a.     *The Plaintiff, Dawn Lengrand*, c/o Consumer Litigation Associates, P.C.,12515 Warwick Boulevard, Suite 100, Newport News, Virginia 23606.  (All facts)

b.     *Employees of WellPoint, Inc*. (All facts)

c.     *Terrence Walker, WellPoint, Inc*., (All facts regarding Plaintiff's application for employment, WellPoint's offer of employment, WellPoint's on-boarding process, pre-employment paperwork via the electronic on-board tool, online new hire forms, New Hire Portal,  Plaintiff's Consumer Disclosure provided by HireRight, Inc. and WellPoint's recision of job offer.

d.     *Debbie Parker-James, Sr. Talent Acquisition Consultant, WellPoint, Inc*.  (Al facts regarding offer of employment, process and timing of request and receipt of consumer reports and recision of job offer)

e.     *Brenda Pina, Verifications Researcher, Hireright, Inc., 5151 California Avenue, Irvine, CA 92617* (All facts regarding the research and investigation of the Plaintiff's prior employment and subsequent contacts from the Plaintiff regarding disputed information.)

f.     *Shirley Shaheen, RNC-RNP, HMC 24/7 Nurse Line* (All facts regarding correspondence dated October 16, 2009.

g.     *Employees of HireRight, Inc., 5151 California Avenue, Irvine, CA 92617* (All facts regarding the background consumer report regarding the Plaintiff completed on or about October 13, 2009 and any and all subsequent disputes of the information contained in this report by the Plaintiff.)

h.     *Putative class members*.  (All facts)

i.     *The spouse, partner or significant other and all family members, friends and associates of each plaintiff and each putative class member*.  Counsel has not identified all such persons, and as to those who have been identified, counsel has not yet decided which of these persons they may call as witnesses.  (All facts, including but not limited to all facts related to damages).

j.     *Any and all witnesses identified by the Defendant*.

k.     *Any and all witnesses who have testified regarding similar claims in previous litigation.*

## II.  Description of documents in possession of the Plaintiff.

i.      Correspondence and e-mal exchanges between Plaintiff and employees of WellPoint, Inc. regarding employment;

ii.     E-mail exchanges between Plaintiff and employees of HireRight regarding her background investigation consumer report, and Plaintiff's disputes of the information contained in the Consumer Report;

iii.    Plaintiff's October 13, 2009 Consumer Report;

## III. Computation of Damages

### *Statutory Damages:*

Pursuant to 15 U.S.C. §1681n, Plaintiffs and each class member seek statutory damages from $100.00 and $1,000.00 per violation, punitive damages in an unliquidated amount; and for attorney's fees and costs.

Plaintiff further seeks these damages individually and on a class basis.

Plaintiff reserves the right to supplement these disclosures.

### *Punitive Damages:*

The Plaintiff seeks punitive damages that are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004).

### *Case Law Supporting Punitive Damages:*

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer employment cases.

*Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

*Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award

of $ 900,000 in punitive damages upheld);

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A.* 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*:  Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

**DAWN LENGRAND,**
***For Herself and on behalf of all***
***Similarly situated individuals,***

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@cox.net

Dale Wood Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212
(804) 861-6000 - Telephone
(804) 861-3368 - Facsimile
Email: dale@pittmanlawoffice.com

Trista Marie Roy
Consumer Justice Center PA
367 Commerce Ct
Vadnais Heights, MN 55127
(651) 294-3962 - Telephone
(651) 704-0907 - Facsimile
Email: tristacjc@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Taron Kato Murakami
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004-1454
202-463-2400
Fax: 202-828-5393
Email: tmurakami@seyfarth.com


Christopher James DeGroff
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577
312-460-5577
Fax: 312-460-7982
Email: cdegroff@seyfarth.com

Pamela Q. Devata
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577
(312) 460-5000
Fax: (312) 460-7882
Email: pdevata@seyfarth.com

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net