UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAWN LENGRAND,
and others similarly situated,

    Plaintiffs,

v.                                         Civil Action No.: 3:11-CV-333

WELLPOINT INC.,
    Defendant.

## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

THIS matter is before the court on a Consent Motion by the Plaintiff, Dawn Lengrand (hereinafter referred to as "Plaintiff" or "Class Representative"), with the consent of defendant, WellPoint, Inc. (hereinafter referred to as "Defendant" or "WellPoint") (hereinafter jointly referred to as the "Parties"), for Preliminary Approval of Class Action Settlement Agreement. The Parties have submitted a Stipulation of Settlement ("Agreement") that the court has reviewed, and finds that it is just and proper that the Agreement be approved.

Based upon the Agreement, the record and exhibits herein, and it appearing to the court that upon preliminary examination, that the proposed settlement appears to be fair, reasonable, and adequate, and that a hearing on the matter should and will be held on November 2, 2012, at 2:00 p.m. at the United States District Court for the Eastern District of Virginia, Richmond Division, 701 E. Broad Street, Richmond, VA 23219, after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

It is hereby ORDERED:

1. The court finds that it has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. Class Members – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members").

> The Preliminary Settlement Class consists of Consumers residing in the United States (a) who applied for employment with WellPoint, and (b) during the application process, WellPoint procured a criminal background report or other consumer report (c) where the consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendant's written hiring policies, (d) which the consumer was not them approved or hired for the position, (e) and to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(1)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

> There are approximately 191 class members identified by the WellPoint.

3. Class Representative and Class Counsel – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiff Dawn Lengrand as the Class Representative. The Court preliminarily approves Mr. Leonard A. Bennett, Mr. Dale W. Pittman, and Ms. Susan M. Rotkis as Class Counsel.

4. Preliminary Class Certification – The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    a. The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

    b. There are questions of law and fact common to the Class Members, which

2

predominate over any individual questions;

    c.    The claims of the Plaintiff are typical of the claims of the Class Members;

    d.    The Plaintiff and class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

    7.    The court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class members, especially in light of the benefits to the Class Members, the strength of the Plaintiff's case, the complexity, expense, and probably duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the class, and the limited amount of any potential total recovery for the class.

    8.    The Third-Party Class Action Administrator – Class Counsel will hire a third party administrator (the "Class Administrator") to assist in the administration of the settlement and the notification to Class Members. WellPoint shall be responsible for all costs and expense for the Class Administrator. The Class Administrator will be responsible for mailing the approved class action notices and claim forms to the Class Members. A separate checking account (hereafter "the Settlement Account") will be established by the Class Administrator for purposes of depositing the settlement funds for the sole purpose of issuing settlement checks. WellPoint shall deposit $42,050.00 into this account no later than 15 days after the date on which Final Judgment is entered. The

settlement checks shall issue from the Settlement Account only and the Class Administrator will verify that the settlement checks were mailed.

9. Notice – The court approves the form and substance of the written notice of class action settlement, attached to the agreement as Exhibit B.

ENTERED this  8th  day of ~~July~~ August 2012.

/s/
_____
Hon. Henry Hudson
United States District Court Judge

**WE ASK FOR THIS:**

Leonard Anthony Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601

Susan M. Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601

Dale Wood Pittman
Law Offices of Dale W. Pittman
112-A West Tabb Street
Petersburg, VA 23803

*Counsel for Plaintiff*

Virginia E. Robinson
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004-1454

Christopher James DeGroff
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St, Suite 2400
Chicago, IL 60603-5577

Pamela Q. Devata
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St, Suite 2400
Chicago, IL 60603-5577

*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

DAWN LENGRAND,
   and others similarly situated,

   Plaintiffs,
         v.                                    Civil Action No.: 3:11-CV-333

WELLPOINT INC.,
   Defendant.

### NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE EXPLAINS THAT YOU MAY BE ENTITLED TO RECEIVE A SETTLEMENT PAYMENT. THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

**Why did I get this notice?**

This is a notice of a proposed settlement in a class action lawsuit against WellPoint, Inc. The settlement would resolve a lawsuit brought on behalf of the following persons: consumers residing in the United States (a) who applied for employment with WellPoint, and (b) during the application process, WellPoint procured a criminal background report or other consumer report (c) where the consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendant's written hiring policies, (d) which the consumer was not then approved or hired for the position, (e) and to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(1)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

Your legal rights will be affected by the settlement of this lawsuit.

Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

### SUMMARY OF OPTIONS:

YOU HAVE THREE OPTIONS.

1.   DO NOTHING:     If you do nothing, you will be releasing your claims and you will receive a check.

2.   OBJECT:         If you wish to object to this settlement, you must follow the procedures detailed below.

3.   OPT OUT:        If you do not want to claim any money, but do not want to be included in the case – for example if you want to file your own lawsuit – you must exclude yourself, also called "opting out," and may do so by sending in the "Opt Out" form attached to this or by following the procedures detailed below.

**What is this lawsuit about?**

This lawsuit was filed on May 19, 2011, in the United States District Court for the Eastern District of Virginia. The plaintiff, Dawn Lengrand, claims that WellPoint violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* because it failed to provide a copy of a consumer report used to make an employment decision before taking adverse action and that it failed to provide her with a summary of her rights as required by the FCRA.
WellPoint denies that it violated any law or regulation.

**Why is this a class action?**

In a class action, one or more people, called "Class Representatives" (in this case Ms. Lengrand), sue on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." The settlement provides relief for all persons who are members of the class. The Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**Why is there a settlement?**

The plaintiff and WellPoint have agreed to settle the lawsuit to avoid the time, risk, and expense of defending the lawsuit and to achieve a final resolution of the claims. Under the proposed settlement, Class Members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representative and the attorneys think the settlement is best for all Class Members.

**How do I know if my claims are included in the settlement?**

You received this notice because WellPoint's records identified you as a Class Member. That means you fit the description of a Class Member, which the Court certified for this settlement, when you applied for a job at WellPoint, it may have failed to provide a copy of the consumer report it used to make an employment decision before taking adverse action based in whole or in part on the report and that it may have failed to provide you with a summary of your rights before taking the adverse action.

**What does the settlement provide?**

In this case, there are approximately 191 members in the Class. WellPoint has agreed to contribute $42,050.00 into a Settlement Fund for the cash settlement payments to Class Members. WellPoint will pay Class Members a check of $150.

Subject to the Court's approval, WellPoint will pay $8,550.00 for attorneys' fees, costs, and expenses, which constitutes 20.3% of the total settlement value. WellPoint has agreed to pay the costs associated with the administration of the settlement. To the extent there are funds remaining in the Class Settlement Fund after the claim-in process, those funds will first be used to pay for WellPoint's administration and notice costs. Any remaining funds will be donated to a *cy pres* recipient, which will be chosen by the parties and subject to approval by the Court.

**How much will I be paid?**

WellPoint will pay each Class Member a check of $150.

**How was the amount of my payment determined?**

A federal court magistrate judge acted as a neutral mediator and helped the parties settle the case. After evaluating the costs, risks, and delays the parties would have encountered bringing this case to trial, the parties arrived at the settlement amounts.

Unlike many class action settlements, the payment you are entitled to receive will not be reduced by attorney's fees, costs, or expenses, which WellPoint has agreed to pay separately from the settlement payments. Class Counsel first obtained the class settlement, and only negotiated the amount of attorney's fees, costs, and expenses that WellPoint would pay after the class settlement was agreed-upon. This attorney's fees negotiation was also facilitated by the magistrate judge.

### How can I get a payment?

To qualify for a Class Member payment, you do not have to do anything. Unless you exclude yourself from the Class Settlement pursuant to the instructions in this notice, also called "opting out," you will receive your payment upon approval of the settlement by the Court.

### When will I be paid?

If the Court approves the settlement, you will be paid as soon as possible after the Court order becomes final. If there is an appeal of the settlement, payment may be delayed.

### What rights am I giving up in this settlement?

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against WellPoint regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. Unless you formally exclude yourself from this settlement, you will release your claims and receive a settlement payment.

The released parties collectively include WellPoint, Inc. and their agents, servants, and attorneys. You will be releasing these parties from all claims relating to WellPoint's employment background check process.

For more information on the release, released parties, and released claims, you may obtain a copy of the Settlement Agreement from the Court at the address below.

### Can I exclude myself from the settlement?

You may exclude yourself from the settlement. If you exclude yourself from the settlement, you will not receive any payment, but you will retain the right to sue WellPoint separately, at your own expense, for any claims you might have.

### How do I exclude myself from the settlement?

If you wish to be excluded, you must mail a written request for exclusion to the WellPoint Settlement Administrator at:

Lengrand v. WellPoint, Inc.
Kurtzman Carson Consultants LLC
75 Rowland Way, Suite 250
Novato, CA 94945

Your request for exclusion must be in writing and postmarked on or before *September 21, 2012*. The request must state: "I do not want to be part of the Class in *Lengrand v. WellPoint*, Case No. 3:11-CV-333." The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified.

### When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on *November 2, 2012, at 2:00 P.M.* The hearing will be held in the United States District Court, Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any.

After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

### Do I have to attend the hearing?

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense, and you

may ask the Court's permission to speak. To do so, you must send a letter stating that it is your intention to appear in *Lengrand v. WellPoint*, Case No. 3:11-CV-333. Be sure to include your name, address, telephone number, and signature. Your letter stating your intention to appear must be received no later than *October 22, 2012*, and be sent to the Clerk of Court, Class Counsel, and Defense Counsel at the addresses below.

You cannot speak at the hearing if you have excluded yourself from the settlement. Once you have excluded yourself, the settlement does not affect your legal rights.

### What if I want to object to the settlement?

If you have not excluded yourself from the settlement, you can object to the settlement if you do not believe it is fair or reasonable. If you wish to object, you must write a letter to the Court stating the specific reason for your objection, and describe any evidence you wish to introduce to support your objection. Please include your name, address, telephone number, and your signature. Your letter must be mailed to all of the locations listed below, postmarked by *September 28, 2012*. You may combine your objection with a letter stating your intention to appear.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of Virginia<br>701 East Broad Street<br>Richmond, VA 23219 | Leonard A. Bennett<br>Susan M. Rotkis<br>Consumer Litigation<br>Associates, P.C.<br>763 J. Clyde Morris Blvd.<br>Suite 1A<br>Newport News, VA 23601 | Christopher DeGroff<br>Pamela Devata<br>Taron Murakami<br>Virginia Robinson<br>Seyfarth Shaw LLP<br>131 South Dearborn Street<br>Suite 2400<br>Chicago, IL 60603-5577 |

### What if I do nothing?

If you do nothing, you will get no money from the settlement. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against the released parties regarding the legal issues in this case.

### What will happen if the Court does not approve the settlement?

If the Court does not approve the settlement, or if it approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will not be paid at this time and the case will continue. The parties may negotiate a different settlement or the case may go to trial.

### Who represents the Class?

The attorneys who have been appointed by the Court to represent the Class are:

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

Dale W. Pittman
Law Offices of Dale W. Pittman, LLC
112-A West Tabb St.
Petersburg, VA 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3368

14616018v.1     4

**Where can I get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the Eastern District of Virginia. **Please do not call the Judge about this case.** Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case.

Clerk of Court<br>
United States District Court<br>
Eastern District of Virginia

DATED: [DATE OF MAILING]