UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAWN LENGRAND,
and others similarly situated,

        Plaintiffs,

v.                              Civil Action No.: 3:11-CV-333

WELLPOINT INC.,
        Defendant.

## FINAL ORDER AND JUDGMENT
## APPROVING CLASS ACTION SETTLEMENT

THIS matter is before the court following a hearing on a Consent Motion by the Plaintiff, Dawn Lengrand (hereinafter referred to as "Plaintiff" or "Class Representative"), with the consent of defendant, WellPoint, Inc. (hereinafter referred to as "Defendant" or "WellPoint") (hereinafter jointly referred to as the "Parties"), for Final Approval of Class Action Settlement Agreement.

For the reasons stated from the Bench, a Final Order and Judgment shall be and is hereby entered.

It is hereby ORDERED:

1.    Pursuant to Fed. R. Civ. P. 23, the Settlement of this action as embodied in the Settlement Agreement is finally approved as a fair, reasonable and adequate settlement based on the factual, legal, procedural and practical considerations raised in this action.

2.    Pursuant to Fed. R. Civ. P. 23(b)(3), the Settlement Class as defined in the Settlement Agreement is certified as follows:

1

The Settlement Class consists of Consumers residing in the United States (a) who applied for employment with WellPoint, and (b) during the application process, WellPoint procured a criminal background report or other consumer report (c) where the consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendant's written hiring policies, (d) which the consumer was not them approved or hired for the position, (e) and to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(1)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

3. Pursuant to Fed. R. Civ. P. 23, Plaintiff Dawn Lengrand is appointed as the Class Representative. Mr. Leonard A. Bennett, Mr. Dale W. Pittman, and Ms. Susan M. Rotkis are appointed as Class Counsel.

4. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the terms of the Settlement Agreement should be approved under the standard set forth *In re Jiffy Lube Securities Litigation*, 927 F.2d 155 (4th Cir. 1991).

5. The Court directs the Parties implement the Settlement Agreement. Without affecting the finality of the Final Judgment in this matter, the Court shall retain jurisdiction for the purpose of implementing the Settlement Agreement.

ENTERED this **13** day of November 2012.

**WE ASK FOR THIS:**

/s/
Henry E. Hudson
United States District Judge

2

| _/s/ Susan M. Rotkis_ | _/s/ Erica L. Marshall_ |
|---|---|
| Leonard Anthony Bennett<br>Consumer Litigation Associates, P.C.<br>763 J. Clyde Morris Blvd. Suite 1A<br>Newport News VA 23601 | Erica L. Marshall<br>Seyfarth Shaw LLP<br>975 F Street, NW<br>Washington, DC 20004-1454 |

Leonard Anthony Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601

Susan M. Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601

Dale Wood Pittman
Law Offices of Dale W. Pittman
112-A West Tabb Street
Petersburg, VA 23803

*Counsel for Plaintiff*

Erica L. Marshall
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004-1454

Christopher James DeGroff
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St, Suite 2400
Chicago, IL 60603-5577

Pamela Q. Devata
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St, Suite 2400
Chicago, IL 60603-5577

*Counsel for Defendant*