IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| DAWN LENGRAND. et al., | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11CV333-HEH |
| | ) | |
| WELLPOINT, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
UNCONTESTED MOTION FOR *CY PRES* DISTRIBUTION**

COME NOW the Plaintiffs, by Counsel, and Class Counsel on behalf of the Class, and in support of their Motion for *Cy Pres* Distribution, present the following memorandum in support of ordering disbursement of funds for settlement administration costs and disbursement of *cy pres*. Defendants do not oppose this motion.

**UNDISTRIBUTED FUNDS**

This matter settled the claims of 189 class members with claims under 15 U.S.C. § 1681b(b)(3)(i) and (ii). The settlement of this case required distribution of a cash fund directly to the class members by First Class Mail. Since the entry of the Final Order approving the class settlement on November 13, 2012, the parties have endeavored to locate the best and most current addresses for each class member and to achieve the maximum possible distribution of the class fund. Of the 189 checks mailed to the class members, 144 class members cashed their settlement checks. Despite mailing the checks to the last known address where the class members resided, there are 45 checks that have not been cashed. All reasonable efforts have been made to locate the class members to encourage them to cash the checks. The date to cash the checks has now since

expired and approximately $ 6,750.00 remains as a balance from the original settlement fund. (Decl. of Jonathon Carameros ¶ 3)(Doc. 43.) From this balance, it is appropriate to provide for payment of approximately $500.00 in administration costs to the Class Administrator, leaving the remaining amount for *cy pres* distribution as agreed by the parties as part of the settlement agreement.

## PROPOSED DISTRIBUTIONS

Class Counsel proposes a distribution of *cy pres* funds to a recipient that will be able to put the proceeds immediately to work at a time when the proposed recipient desperately needs funds.

### A.     *Cy Pres* **purpose for the Settlement Class.**

In many Class Action settlements, including most involving Class Counsel in this case, the class is united by a single or dominant element. For example, in *Gladden v. Navy Federal Credit Union*, Civ. No. 3:08CV304 (E.D. Va. 2009), nearly all class members were Navy or Marine service members, most with challenged credit. In *Martin v. United Auto Credit Corporation*, Civ. No. 3:05CV143 (E.D. Va. 2008), the class members were again consumer finance litigants each denied a loan and alleging the same adverse action notice failure. In other cases, there is no overarching or unity of harm, but there was a consistent violation of the FCRA. For instance, in *Daily v. NCO Financial Systems, Inc.*, 3:09CV031, the common violation was that a public records background check was made without first obtaining a proper disclosure to or authorization from the applicant. In that case, a subclass of class members also suffered an adverse action based in whole or in part on the consumer report, and thus suffered actual damages.

In this case, class members were all job applicants to a large managed-care organization. Prospective employees face one kind of impediment alleged in this case: a consumer report will be used for employment purposes, but the employer fails to provide the applicant with the protections afforded consumers in the way that it uses the report, informs the applicant about its use of the report, and informs that applicant of their rights. Another type of impediment that job seekers might

face, but which wasn't a claim in this case, is that the applicant may be differently-abled. WellPoint has among its employee benefits associated resource groups, including one dedicated to enhancing work culture and opportunities for employees who are differently-abled. Differently-abled workers may not only be job-limited, but may also be economically limited as well. Although this case wasn't about a physical disability as an impediment to being hired, making a *cy pres* distribution for this purpose is consistent with relief to the class. Accordingly, Class Counsel proposes this distribution as a fair attempt to reach class member interests where employment impairment includes being differently-abled. Given that further disbursement of cash proceeds to individual class members would be uneconomical or ineffective – where remaining class members cannot be located and others simply did not cash their checks - the use of *cy pres* beneficiaries is appropriate. *See In re Microsoft Antitrust Litig.*, 185 F. Supp. 2d 519 (D. Md. 2002); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990). *Cy Pres* designations are appropriate even if they benefit a larger class to which class members likely also belong, such as low income persons, or where the cy pres designation may benefit a smaller subset of the class, such as differently-abled individuals. *See e.g. Ohio Pub. Interest Campaign v. Fisher Foods*, 546 F. Supp. 1 (N.D. Ohio 1982). Indirect distributions to public interest organizations is a frequently approved and acceptable means to indirectly reach and benefit the class. *See In re Motorsports Merch. Antitrust Litig.*, 160 F. Supp. 2d 1392, 1396-09 (N.D.Ga. 2001)(court distributed funds among ten public service organizations, including the American Red Cross and the Atlanta Legal Aid Society, attempting to indirectly benefit class of NASCAR racing fans); *Superior Beverage Co. Inc. v. Owens-Illinois, Inc.*, 827 F. Supp. 477 (N.D. Ill. 1993)(court awards funds to a diverse group of public interest recipients, including the University of Chicago's Legal Clinic and the ACLU).

Because the *cy pres* distribution requested in this case is consistent with the purpose of *cy pres* approved by this and other courts, the Plaintiff respectfully requests that it be approved.

**B.     Plaintiffs propose the Peninsula School for Autism and Related Disabilities as the beneficiary of *cy pres*.**

For the Court's *cy pres* distribution, Class Counsel asks the Court to Order distribution to a single organization that will use the funds to approximate the relief that was ordered for the class. Defendants do not oppose this proposed distribution and have provided approval for the *cy pres* entity selected by Class Counsel in accordance with the Class Settlement Agreement in this matter.

Plaintiffs propose that $ 6,250.00 of the *cy pres* fund to go to *the Peninsula School for Autism and Related Disabilities (PSA)*, which is the only school of its kind in Southeastern Virginia. PSA is a qualified 501(c)(3) organization and is located at the Boys & Girls Club of Newport News, VA.  PSA is funded through community sponsorship and tuition.  However, tuition does not cover the entire cost to educate one pupil, and therefore community funding bridges the gap between tuition and the actual costs.

PSA's program includes the integration of academic, language and communication, social and life skills and adaptive behavior goals through the implementation of evidence-based instructional methodologies. The structure of the program includes a combination of intensive 1:1 instruction, 2:1 dyad training and small group instruction within the classroom, school and community settings.  Each student's educational program is designed to meet the individual needs of the child as determined by the IEP or IPP in the least restrictive environment.  Instructional programming focuses on the Virginia Standards of Learning, a student's level of verbal behavior as it relates to the basic milestones of language development, maladaptive behavior and learning barriers.  In a report issued on March 27, 2014, the Centers for Disease Control now estimates that 1 in every 68 children is diagnosed with autism spectrum disorder.
http://www.cdc.gov/media/releases/2014/p0327-autism-spectrum-disorder.html last visited April 3, 2014.

## CONCLUSION

Class Counsel respectfully moves the Court to approve this *cy pres* distribution of $6.750.00 to be disbursed as follows:

$ 500.00 to KCC for administration costs;

$ 6,250.00 to Peninsula School for Autism and Related Disabilities. The proposed distribution is requested by Class Counsel pursuant to the Class Settlement Agreement in this matter and has been approved by Defendants in accordance with that Class Settlement Agreement.

Respectfully submitted,

_____/s/_____
Susan M. Rotkis
VSB # 40693
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601
757-930-3660
757-930-3662
srotkis@clalegal.com


Leonard Anthony Bennett
VSB #37523
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601
757-930-3660
757-930-3662
lenbennett@clalegal.com


Dale Wood Pittman
The Law Offices of Dale W. Pittman
112-A West Tabb Street
Petersburg, VA 23803

*Counsel for Plaintiff*

5

## CERTIFICATE OF SERVICE

On this 9th day of April, 2014, I certify that I have electronically filed the foregoing pleading in the CM/ECF system, which shall send a Notice of Electronic Filing (NEF) to the following:

Taron K. Murakami
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004-1454

Christopher James DeGroff
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577

Pamela Q. Devata
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577

Counsel for the Defendant

_____/s/_____
Susan M. Rotkis VSB 40693
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601

Counsel for the Class